IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

LOLA SILAS                                                          PLAINTIFF

V.                                          CIVIL ACTION NO. 3:18-CV-00186-NBB-RP

ELLIS TURNAGE, ATTORNEY AT LAW                                      DEFENDANT

<u>MEMORANDUM OPINION</u>

Presently before the court is Defendant's motion to dismiss for failure to state a claim.

Upon due consideration of the motion, response, complaint and documents attached thereto, the

court is ready to rule.

<u>Factual and Procedural Background</u>

The instant suit arises from Plaintiff Lola Silas' employment with Defendant Ellis

Turnage.  Silas was employed for a short time as a legal secretary at Turnage's law office.  Silas

alleges that, during her employment, Turnage "questioned [her] ability to perform [her] duties,

asked [her] age, and stated that a younger person could perform the [job] with no difficulty."

Silas further alleges that she was fired after she complained to Turnage about the alleged

discriminatory remark.

Silas subsequently filed a charge with the Equal Employment Opportunity Commission

("EEOC"), alleging age discrimination under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. § 621.  Shortly thereafter, the EEOC sent Silas a letter stating that it had

no authority to investigate Silas' charge because Turnage did not have the requisite number of

employees to be a covered "employer" under the ADEA.

Silas, acting *pro se*, filed the instant action on August 31, 2018, seemingly asserting

claims for age discrimination under the ADEA, Title VII of the Civil Rights Act ("Title VII"), 42

U.S.C. §2000e, and 42 U.S.C. §1981.  Turnage now moves to dismiss for failure to state a claim upon which relief can be granted.

<u>Standard of Review</u>

A complaint must contain a "short and plain statement . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A motion to dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's complaint.  *Id.*  at 679.  Though motions to dismiss are "viewed with disfavor and [are] rarely granted," the burden rests on the plaintiff to prove her claim should go forward.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

<u>Analysis</u>

Under the ADEA, "[i]t shall be unlawful for an *employer* to . . . discharge any individual or otherwise discriminate against any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1) (emphasis added).  The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has *twenty* [20] or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. §630(b) (emphasis added).

In moving to dismiss, Turnage argues, and Silas does not dispute, that he is not subject to the ADEA because he lacks the requisite number of employees to be deemed an "employer" under the statute.  The statute's employee-numerosity requirement is an element of Silas' ADEA claim which must be established.  *See Arbaugh v. Y& H Corp.*, 546 U.S. 500, 502 (2006); *see also Dowdle v. MSE Const.*, 2013 WL 3216065 (E.D. La. Jun. 24, 2013).  Because Turnage is

not an "employer" within the meaning of the ADEA, the court finds that this claim must be dismissed.

In addition to her ADEA claim, Silas asserts claims for age discrimination under Title VII and §1981.[1]  Neither of those statutes, however, prohibit discrimination based upon one's age.  *See* 42 U.S.C. 2000e-2 (providing that "it shall be an unlawful employment practice for an employer to discharge any individual . . . because of such individual's race, color, religion, sex or national origin"); *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 384 (1982) (noting that §1981 purports to eradicate *racial* inequality).  Accordingly, the court finds that Silas's claims asserted under these statutes must fail.

Conclusion

Based on the foregoing discussion, the court finds that Defendant's motion to dismiss for failure to state a claim is well-taken is should be granted.  A separate order in accord with this opinion shall issue this day.

This, the 24th day of May, 2019.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] The court notes that Silas failed to file an EEOC charge related to her Title VII claim.  Exhaustion of administrative remedies is a prerequisite to filing suit under Title VII and failure to do so warrants dismissal.  *See Hammett v. Mississippi University for Women*, 2005 WL 1420885 (N.D. Miss. Jun. 9, 2005).